## CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Sovran Bank, N.A., etc., et al.

v.

Eleanor Forman et al.

November 18, 1985

Case No. (Law) 9445-FB

By JUDGE FRED W. BATEMAN

The above-styled suit relates to a party wall agreement dated April 24, 1919, between F. B. Longan et al. and C. F. Hundley, wherein Longan, owner of the Hotel Pocahontas (34th and Washington Avenue), granted unto Hundley the right to use, in common, a portion (not to exceed 32 feet from the ground) of a brick wall located on the north side of the said hotel which was situated on Lot 22, Block 239 (Plat Book 1, page 3) with a caveat that Hundley would use due care and diligence in using said wall to support rafters in the construction of a proposed building so as not to injure or damage the wall aforesaid. The plaintiffs are successors in interest to Longan and the defendants are successors in interest to Hundley.

The building that was formerly Hotel Pocahontas deteriorated and the owners, under threat of condemnation by the City of Newport News, demolished the structure in 1983, leaving a party wall for the defendant with the south side (formerly the interior side of the hotel wall) exposed.

The bricks comprising the exposed wall were manufactured at the time of the construction of the hotel and their consistency is of a density and texture that absorbs moisture. The City of Newport News, by virtue of its building code, seeks to protect the exposed wall by requiring the sealing, parging and painting thereof.

The plaintiffs, by declaratory judgment, seek to determine whether the plaintiffs or the defendants are responsible for the costs that will be incurred to comply with the City building code. The defendants, in their answer and grounds of defense, allege that the demolition was performed in a negligent manner. The essence of the alleged negligence is that the plaintiffs left the party wall, which remained after demolition, in a condition that is not up to the standard of the building code of the City of Newport News, which incorporates the BOCA Code.

The matter came on for hearing and the Court heard testimony from Roland McCoy, vice-president of Sovran Bank, who testified as to the ownership of the property and identified a photograph of the wall as an exhibit. Max Robbins, of Arcade News, testified that he observed the tearing down of the building and that bricks fell on the Arcade News building (property of the defendants), which was corrected and adjustments made by the demolition contractor. Mr. W. A. Colbert testified on behalf of the defendants and indicated that his primary business was building but that he had demolished some buildings. He had examined the south wall of the building and while he described the present condition of the wall in rather uncomplimentary terms, he did not (and obviously could not) state that it was different from its condition in 1919. Mr. Clarence Denning, code compliance officer for the City, testified as to the BOCA Code and identified the letter to the defendants under the date of March 12, 1984, and referred to Sections 1805.3, 1805.3.2 and 302.3.2 which, by reference, were made exhibits. He explained that the code compliance requirement was to prevent the absorption of moisture and water damage that would result from the exposure of the old bricks which were "state of the art" at the time of the construction of the wall. The defendant, Eleanor Forman, also testified primarily relating to ownership and problems encountered with the contractor who demolished the plaintiffs' building. The parties requested the Court to view the premises in question and this was accomplished on November 7, 1985.

The BOCA basic property management code has been adopted by the City of Newport News and in general provides that in the demolition of structures an exterior wall must be free of holes and breaks and must be weatherproofed to the extent of sealing out dampness, but it does not

provide who must bear the burden. The only explicit duty placed on the party engaging in the demolition of a building subject to a party wall is that such party must fill the beam holes remaining after demolition and this was done.

The parties in question have not disputed the fact that the wall in question is a "party wall." A party wall is not a creature of the common law and it can only exist in two ways, i.e. by contract or statute (60 Am. Jur. "Party Walls," Section 4, page 276). In this case it came about by contract and it must be construed with reference to the conditions in and the construction of the building at the time of the agreement. The contract burdens the grantee with several prohibitions, none of which relate to maintenance. When a wall obtains the character of a "party wall," it becomes the subject of common use and enjoyment and equity will raise the duty and liability to contribute to keep it in repairs. Logic would dictate that the presence of a party wall would not prevent or prohibit an owner from tearing down the remainder of his building and certainly he would not be responsible to provide the common owner with a better wall than was present when the contract was made.

The Court has examined counsel's arguments and the memorandums that have been submitted and it has found for the most part that the authorities cited therein are not helpful in determining the issue in this case. In addition to the authorities cited by counsel, the Court has also examined Volume 2, *Thompson on Real Property*, and 60 Am. Jur. 2d, as well as the Code of Virginia with reference to party walls. The Court is unable to find any Virginia statute relating to the right of adjoining owners in party walls, and further, the agreement between the parties fails to provide for the responsibility of the parties with respect to party walls where one of the buildings is demolished. The issue in question, therefore, must be approached and decided from prevailing case law from other jurisdictions.

The Court is of the opinion that the City, under its police power, can enact a building code so long as it is consistent with the uniform statewide building code. The current code, effective January 1, 1973, is not retroactive and is silent as to the issue before the Court.

The prevailing law, admittedly sparse, is that one removing a building is under no obligation to protect a party wall against rain, nor is he required to protect the wall by permanently covering it against the elements (*Thompson on Real Property*, "Party Walls," Section 403). Since the party wall, as it now exists, serves only the need of the defendants, the Court concludes that they should be charged with the responsibility of maintaining the wall in conformance with the city code. Surely the City has no authority to require the plaintiffs to provide the defendants with a wall substantially different from its condition in 1919 at the inception of the agreement between the original parties. Indeed, the building code is silent on such responsibility except for filling the holes in the wall left by the removal of joists which has apparently been accomplished according to the letter from the code compliance office.

The Court finds that, except for the item mentioned in the preceding paragraph, the defendants are responsible to perform the repairs required by the city building code.